# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| SANDRA FIKANI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and C&W FACILITY SERVICES, INC.,<br><br>　　　　　Defendants. | No. CV 19-64-BU-SEH<br><br>**ORDER AND OPINION** |

On September 18, 2020, C&W Facility Services, Inc. ("C&W") moved for summary judgment. A hearing on the motion was held on December 4, 2020.

## FACTS

On September 24, 2016, Plaintiff Sandra Fikani ("Plaintiff") fell at the United States Post Office in Belgrade, Montana.[1] She submitted a Claim for Damage, Injury or Death on Standard Form 95 to the United States Postal Service on September 17, 2018.[2] USPS denied the claim.[3] Suit was filed on December 16,

---

[1] *See* Doc. 46 at 1.

[2] *See* Doc. 46 at 3.

[3] *See* Doc. 46 at 4.

2019.[4] Plaintiff determined later that C&W Facility Services, Inc. ("C&W") might potentially be liable for the claimed injuries.[5] An amended complaint naming both the United States and C&W as Defendants was filed on May 8, 2020.[6]

## STANDARD OF REVIEW

A motion for summary judgment may be granted if the moving party "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[7] "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."[8] If the moving party establishes a lack of genuine issues of material fact, the burden shifts to the non-moving party to demonstrate that a genuine dispute of material fact does exist or that the moving party is not entitled to judgment as a matter of law.[9]

## DISCUSSION

Plaintiff's Amended Complaint asserts diversity jurisdiction over her claim

---

[4] *See* Doc. 1.

[5] *See* Doc. 46 at 4.

[6] *See* Doc. 17.

[7] Fed. R. Civ. P. 56(a).

[8] *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

against C&W.[10] Montana Code Annotated ("MCA") § 27-2-204(1) establishes a three year statute of limitations to claims of negligence which begins to run when the injury occurs.[11] In this case, the cause of the injury was apparent on September 24, 2016, the day the event occurred.[12] Plaintiff was taken to the hospital and diagnosed with a broken femur that same day.[13] The injury and knowledge of the cause of the injury were both known on September 24, 2016. Unless tolled, the three year period of limitation expired on September 24, 2019.[14]

Neither Montana precedent nor the cases relied upon by Plaintiff justify tolling of the statute beyond three years from the date of injury.[15] The Montana Supreme Court has refused to extend the "discovery doctrine" to apply, as Plaintiff asserts, to discovery of legal rights.[16] No affirmative actions to fraudulently conceal Plaintiff's cause of action and that might toll the statute are claimed to

---

[10] *See* Doc. 17 at 2-3.

[11] *Bosch v. Town Pump, Inc.*, 102 P.3d 32, 33 (Mont. 2004).

[12] *See Gregory v. Union Pacific R. Co.*, 673 F. Supp. 1544, 1546 (D. Nevada 1987); *see also Broughton v. United States*, 2010 WL 11534491 (S.D. Georgia, Savannah Division 2010).

[13] *See* Doc. 17 at 4.

[14] *See Bosch*, 102 P.3d at 33-34.

[15] *See* Doc. 45 at 4; *see also Gomez v. State*, 1999 MT 67, ¶ 10; *Kaeding v. W.R. Grace*, 1998 MT 160, ¶ 17; *Nelson v. Nelson,* 50 P.3d 139, 143 (Mont. 2002).

[16] *Bennet v. Dow Chemical*, 713 P.2d 992, 995 (Mont. 1986).

exist.

No party asserts other than that Plaintiff fell, was injured, required medical attention, and received medical attention for the injuries on September 24, 2016. No basis in law or in fact exists to toll the statute of limitations.

## CONCLUSION

Plaintiff's claims against C&W accrued on September 24, 2016. The statute of limitations for the claim expired on September 24, 2019. She did not file her original Complaint until December 16, 2019. C&W was not named as a Defendant until May 8, 2020. C&W is entitled to judgment of dismissal as a matter of law.

ORDERED:

1. C&W's Motion for Summary Judgment[17] is GRANTED.

2. All claims against C&W are DISMISSED.

3. The caption shall be updated to reflect dismissal of C&W.

DATED this 4th day of December, 2020.

                                          SAM E. HADDON
                                          United States District Judge

---

[17] *See* Doc. 26.