# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | | |
|---|---|---|
| SANDRA FIKANI, | | |
| | Plaintiff, | No. CV 19-64-BU-SEH |
| vs. | | |
| | | **ORDER AND OPINION** |
| UNITED STATES OF AMERICA and C&W FACILITY SERVICES, INC., | | |
| | Defendants. | |

On October 1, 2020, the United States of America ("United States") moved for summary judgment.[1] A hearing on the motion was held on December 4, 2020.

## FACTS

Plaintiff Sandra Fikani ("Plaintiff") fell at the United States Post Office in Belgrade, Montana, on September 24, 2016.[2] She submitted a Claim for Damage, Injury or Death on Standard Form 95 to the United States Postal Service ("USPS") on September 17, 2018.[3] USPS denied the claim.[4] Suit was filed on December 16,

---

[1] *See* Doc. 37.

[2] *See* Doc. 46 at 1.

[3] *See* Doc. 46 at 3.

[4] *See* Doc. 46 at 4.

2019.[5] An amended complaint was filed on May 8, 2020.[6]

## STANDARD OF REVIEW

A motion for summary judgment may be granted if the moving party "shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[7] "The moving party initially bears the burden of proving the absence of a genuine issue of material fact."[8] If the moving party establishes a lack of genuine issues of material fact, the burden shifts to the non-moving party to demonstrate that a genuine dispute of material fact does exist or that the moving party is not entitled to judgment as a matter of law.[9]

## DISCUSSION

### I. Discretionary Exception

Generally, the United States is immune to suit except where it waives sovereign immunity.[10] The Federal Tort Claims Act ("FTCA") established such a

---

[5] *See* Doc. 1.

[6] *See* Doc. 17.

[7] Fed. R. Civ. P. 56(a).

[8] *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[9] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

[10] *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

waiver.[11] However, the United States is not liable for "claim[s] ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."[12] In this case, the United States asserts that an exception to the FTCA applies because the decision to maintain 24-hour access to the Post Office lobby was a discretionary action.[13]

The Ninth Circuit has established a two-part test for the discretionary exception.[14] First, the Court examines whether the government action is discretionary in nature.[15] Second, if the action is discretionary, the Court examines whether the action is one that the exception is intended to apply to.[16]

The United States maintains that the relevant action for the Court to examine is the Postmaster's decision to maintain 24-hour access to the Post Office lobby.[17] Plaintiff asserts, however, the relevant enquiry is the alleged failure of the

---

[11] 28 USC § 171; *see Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015).

[12] 28 USC § 2680(a).

[13] Doc. 39 at 9.

[14] *See Chadd,* 794 F.3d at 1109.

[15] *See Chadd*, 794 F.3d at 1109 (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)).

[16] *See Chadd*, 794 F.3d 1109 (quoting *Gaubert*, 499 U.S. at 322-23).

[17] *See* Doc. 39 at 9.

Postmaster to keep the premise safe.[18]

Plaintiff claims that a puddle of water in the Post Office lobby floor caused her injury.[19] She does not assert that the 24-hour access to the lobby caused her injury, but rather that the injury resulted from a separate responsibility assumed by the United States to have employees take steps to prevent potential slip and fall accidents and to "always maintain a dry area for pedestrian traffic."

Plaintiff relies upon the Postal Service Handbook EL-801 in support of her contention that the United States assumption of responsibility for maintenance of a safe premise in this case was not a discretionary action.[20] The Handbook reads, inter alia:

> 8-7.1 **General**
>
> You *must* ensure that your employees follow these general procedures to prevent potential slip, trip, or fall accidents ... (emphasis added)

---

[18] *See* Doc. 48 at 7.

[19] *See* Doc. 17 at 3-4.

[20] *See* Doc. 48 at 2.

**8-7.3 Wet Floors**

b. *Always* maintain a dry area for pedestrian traffic.

(emphasis added).[21]

## II. Federal Contractor Exception

Plaintiff's claims, in substance, are grounded in the United States's failure to maintain a safe premises and in its failure to properly train, hire, and supervise employees and contractors.[22] The federal contractor exception, however, does not shield the United States from its own misconduct.[23]

Here, the United States assumed responsibility to do more than maintain 24-hour access to the lobby. It directed employees to ensure (1) that steps were taken to prevent potential slip and fall accidents, and (2) that a dry area for pedestrian traffic be maintained.

## CONCLUSION

The United States is not entitled to judgment as a matter of law.

---

[21] Handbook EL-801, Supervisor's Safety Handbook, § 8-7.1 and 7.3.

[22] *See* Doc. 17 at 4.

[23] *See* 28 USC § 1346(b); *see U.S. v. Orleans*, 425 U.S. 807, 813-14 (1971).

ORDERED:

The United States's Motion for Summary Judgment[24] is DENIED.

DATED this _4th_ day of December, 2020.

SAM E. HADDON
United States District Judge

---

[24] Doc. 37.