# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| SANDRA FIKANI, | |
| Plaintiff, | No.  CV 19-64-BU-SEH |
| vs. | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## BACKGROUND

On September 24, 2016, Sandra Fikani ("Plaintiff") entered the lobby of the Belgrade Post Office in Belgrade, Montana.[1] She alleges that she slipped and fell in a puddle of water on the lobby floor, was injured, transported to hospital, diagnosed with a hip fracture, and underwent surgery.[2]

Plaintiff filed an administrative claim with the Postal Service on September

---

[1] *See* Doc. 70 at 2.

[2] *See* Doc. 17 at 3-4.

14, 2018.[3] It was denied.[4] Suit was filed December 16, 2019, naming the United States as sole Defendant.[5] An Amended Complaint naming the United States and C&W Facility Services, Inc. ("C&W") as Defendants was filed on May 8, 2020.[6]

C&W moved for summary judgment on September 18, 2020,[7] which was briefed, submitted for decision, and granted.[8] C&W was dismissed on statute of limitations grounds on December 4, 2020.[9]

The United States moved for summary judgment on October 1, 2020.[10] That motion was briefed, submitted for decision, and denied on December 4, 2020.[11]

Plaintiff filed a Motion *in Limine* on April 13, 2021,[12] which is ripe for submission.

A second motion for summary judgment was filed by the United States on

---

[3] *See* Doc. 17 at 2.

[4] *Id.*

[5] *See* Doc. 1.

[6] *See* Doc. 46 at 3-4.

[7] *See* Doc. 26.

[8] *See* Doc. 54.

[9] *Id.*

[10] *See* Doc. 37.

[11] *See* Doc. 55.

[12] *See* Doc. 66.

April 19, 2021,[13] was briefed, and is pending.

This memorandum and order addresses both pending motions.

## MOTION FOR SUMMARY JUDGMENT

The United States seeks summary judgment on three grounds: (1) the independent contractor exemption to the Federal Tort Claims Act ("FTCA") precludes FTCA based liability; (2) the United States is exempt from liability under the FTCA discretionary function exception; and (3) insufficient evidence to support a claim of negligent hiring of C&W or postal employees.[14]

The FTCA provides for a limited waiver of sovereign immunity, but does not include a waiver of immunity for actions of an independent contractor.[15] If the conduct at issue was that of an independent contractor, the United States is protected from liability by the FTCA.[16] The United States is likewise shielded from liability under the FTCA if its actions or conduct were conducted in the exercise of a discretionary function based on social, economic, or political policy.[17]

---

[13] *See* Doc. 68.

[14] *See* Doc. 69.

[15] *See* 28 USC § 1346(b); *see U.S. v. Orleans*, 425 U.S. 807, 813-814 (1971).

[16] *See* 28 USC § 1346(b).

[17] *See Chadd v. United States*, 794 F.3d 1104, 1109 (9th Cir. 2015).

Determination of whether an action is discretionary, and therefore not subject to a waiver of sovereign immunity, is a two-step analysis.[18] "First, a court examines whether the government's actions are 'discretionary in nature, acts that involve an element of judgment or choice.'"[19] However, if a statute or policy does not involve an element of judgment or choice, but instead directs mandatory and specific action, no discretionary action issue is presented.[20] If the action or conduct at issue is not based on one of the three named policies, it is not a discretionary action and is not exempt from the FTCA.[21]

The United States asserts, with respect to the independent contractor exemption, (1) that the decision to maintain 24-hour access to the Belgrade Post Office lobby was discretionary; (2) that all other operational choices relevant to the case stemmed from that discretionary decision; or (3) from the conduct of the independent contractor, and therefore Plaintiff's claim is barred by the independent contractor exemption.[22] In response, Plaintiff concedes that keeping

---

[18] *Id.*

[19] *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 322 (1991)).

[20] *Id.* (quoting *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008)).

[21] *Id.*

[22] *See* Doc. 39 at 2.

the lobby open was a discretionary decision,[23] but that the relevant claim was grounded in failure to maintain a safe customer area, which was not a discretionary action protected from liability by the independent contractor exemption.[24]

In this case, applicable federal policies contained in the Postal Operations Manual ("Manual") and in the EL-801 Supervisor's Safety Handbook ("Handbook"), articulate and establish operational standards at the Belgrade Post Office, and specific safety duties and responsibilities, assumed by the Post Office, that apply to operation of the facility.[25]

The Belgrade Postmaster had discretion to allow the lobby to be open for 24-hour access.[26] However, once the decision to keep the lobby open was implemented, the duty assumed by the United States with respect to maintenance of a safe customer area was both dictated and required by the Handbook , and which required and directed the United States to "always maintain a dry area for

---

[23] *See* Doc. 48 at 7.

[24] *Id.*

[25] The Postal Service is required to comply with the policies and regulations set out by the Postal Operations Manual and the Supervisor's Safety Handbook. *See Berkovitz v. United States*, 486 U.S. 531, 536 (1986); Postal Operations Manual at 237;  Handbook EL-801, Supervisor's Safety Handbook at 1-4.

[26] *See* Postal Operations Manuel § 126.43.

pedestrian traffic."[27]

The Handbook did not grant discretion as to whether to maintain safety standards in the lobby, or discretion not to provide for a dry area for pedestrian traffic. Both the Manual and the Handbook imposed duties of compliance directly upon the Postal Service.[28]

Even if it could be said the Post Office had discretion to decide whether or not to maintain a dry area for pedestrians, that discretion, to fall within the FTCA discretionary action exception, would have to have been grounded in "social, economic, and political policy."[29] The public safety program and duty assumed by the Postal Service, to keep the lobby safe for pedestrians, was not grounded in such policy considerations. The discretionary exception did not apply to excuse the United States from the obligation it had assumed to "always maintain a dry area for pedestrian traffic," and which formed the factual basis for Plaintiff's negligence claim.

The United States has also asserted that it is entitled to summary judgment because the federal contractor exemption, if appropriately applied, may not be

---

[27] Handbook EL-801, Supervisor's Safety Handbook, § 8-7.3.

[28] 486 U.S. at 536.

[29] *See Chadd v. United States*, 794 F.3d 1104, 1109 (9th Cir. 2015) (quoting *Miller v. United States*, 163 F.3d 591, 593 (9th Cir. 1998)).

interpreted as constituting a waiver of sovereign immunity by the United States, it being undisputed that the FTCA only provides for a waiver if the claim is based on the action or inaction of a federal employee, as distinct from an independent contractor, in the course of his or her employment.[30]

Although the United States cannot be held liable for C&W employees' actions, it could be held accountable for its own separate acts or omissions concerning maintenance of the lobby or other duties, including to "always maintain a dry area for pedestrian traffic." Here, Plaintiff's claim is that the United States, through an employee acting in the course or scope of his or her employment, was himself or herself negligent in failing to "always maintain a dry area for pedestrian traffic," a duty which was separate and apart from actions or omissions of the independent contractor C&W and for which liability could not be avoided by delegation of the responsibility to an independent contractor.

The assumed responsibility to maintain a safe pedestrian area and to "always maintain a dry area for pedestrian traffic" was not discretionary action protected from liability by the discretionary action exception or protected from liability by the independent contractor exemption.

---

[30] *See United States v. Orleans,* 425 U.S. 807, 814 (1976); *see also Letnes v. United States,* 820 F.2d 1517, 1518 (9th Cir. 1987).

## INSUFFICIENT EVIDENCE

The United States argues that Plaintiff has insufficient evidence for Plaintiff's claim of negligent hiring.[31] In her response, Plaintiff alleges that the testimony of the Postmaster of the Belgrade Post Office will show that the Postmaster did not sufficiently train the C&W contractor who cleaned the lobby on the day of the alleged accident.[32] This disagreement between the parties is a dispute over a material fact and this issue is therefore inappropriate for summary judgment.

The United States' motion for summary judgment is an attack on one of the grounds for the claim of negligence in Plaintiff's Amended Complaint.[33] In this case, the United States' duty was established by the requirements of the Manual and Handbook. A breach of that duty is grounded in the alleged action or inaction of the United States to fulfill its assumed duty to maintain a dry area for pedestrian traffic. The claim of negligence survives summary judgment.

The United States' Second Motion for Summary Judgment is DENIED.

---

[31] *See* Doc. 69 at 21.

[32] *See* Doc. 74 at 9.

[33] *See* Doc. 17 at 4.

## MOTION *IN LIMINE*

Plaintiff seeks to exclude evidence of blame, responsibility, or fault to any non-party person or entity.

*Faulconbridge v. State of Montana* controls.[34] A defendant may introduce evidence of third-party conduct related to causation only for the purpose of demonstrating that third-party conduct was a superseding intervening cause.[35] No such claim is asserted in this case. Moreover, the United States acknowledges it "has no intention of assigning some percentage of liability to a non-party for the purpose of diminishing its own responsibility."[36]

The motion *in limine* is GRANTED.

The motion directed to collateral source evidence is unopposed[37] and is GRANTED.

ORDERED:

1.      The United States' Motion for Summary Judgment[38] is DENIED.

---

[34] 142 P.3d 777 (Mont. 2006).

[35] 142 P.3d at 792.

[36] *See* Doc. 71 at 6.

[37] *See* Doc. 71 at 7.

[38] *See* Doc. 68.

2.      Plaintiff's Motion *in Limine*[39] is GRANTED.

3.      The United States is precluded from introducing evidence of third-party conduct related to causation for the purpose of attributing liability to any non-party.

4.      Evidence of collateral source payment or payments is excluded.

DATED this ___*19th*___ day of May, 2021.

                                            _SAM E. HADDON_
                                            SAM E. HADDON
                                            United States District Judge

---

[39] *See* Doc. 66.